**RUSSELL, Plaintiff, v INDUSTRIAL COMMISSION, Defendant.**

Common Pleas Court, Tuscarawas County.

No. 28073. Decided May 5, 1947.*

Thomas F. Joseph, Martins Ferry, and Fisher, Limbach, Smith & Renner, by Dorren Renner, New Philadelphia, for plaintiff.

R. Brooke Alloway, Asst. Atty. Genl., Columbus, for defendant.

## OPINION

By LAMNECK, J.

This action is before the Court on appeal from a finding by the Industrial Commission of Ohio after rehearing as provided by law disallowing the claim of the plaintiff to participate in the State Insurance Fund on account of the death of her husband, Joseph Russell, on the ground "that the death of

the decedent was not the result of any injury sustained in the course of and arising out of his employment."

At the close of all the evidence presented at the trial, each party filed a motion for a directed verdict which requires the Court to dispose of the issues as a matter of law without the intervention of a jury.

The decedent, who was 64 years of age at the time of his death, which occurred on August 29, 1943, was five feet six inches tall, weighed approximately 140 lbs., and had been employed at the plant of the Evans Brick Company for a period of approximately eighteen years prior to the date of his death, during which time he worked regularly and apparently enjoyed normal health. His last employment consisted in firing kilns with coal into open pockets. Being an experienced man he was the head-fireman which required him to fire kilns after' they reached the last hot stage.

On August 29, 1943, which was a hot summer day, the decedent went to work about noon. He was firing number two kiln which had reached an internal temperature of approximately 2000 degrees F., and this kiln was located about fifteen or sixteen feet from another warm kiln, both being served by a smoke stack about eight feet square at the base and approximately forty to fifty feet high. Surrounding the kilns were a number of buildings. About four o'clock P. M. the deceased with the help of another workman had removed hot clinkers from the various pockets on kiln number two. Some time around seven-thirty P. M. he proceeded to do his last turn of firing before going off duty at eight o'clock P. M.; and ten minutes later he was found dead lying on a coal pile a little to the right of the smoke stack with his feet toward kiln number two, after he had fired four of the open pockets of the kiln. The blade of his shovel lay toward the kiln and the shovel had some coal in it.

Following his death an autopsy was performed and the diagnosis was "Myocardiac degeneration. Coronary occlusion."

Dr. D. M. Shumaker, who was called as an expert witness, testified that there was a causal relationship between the heat to which the decedent was exposed while firing the kilns and his death on the same day.

Dr. Maurice B. Rusoff, also testified that there was a causal relationship between the heat to which Mr. Russell was exposed while firing the kilns and his death on the same day.

It being admitted that the death of the decedent occurred in the course of his employment while in the employ of the

Evans Brick Company, a subscriber to the State Insurance Fund, and that the plaintiff is the widow of the deceased and was wholly dependent upon him for support at the time of his death, the only issue for the Court to determine is whether the decedent sustained an accidental injury in the course of and arising out of his employment, and if so, whether such injury was the proximate cause of his death.

Under §1465-68 GC, as amended July 10, 1937, an injury includes "any injury" which term the courts have construed to include injuries accidental in character and result as well as injuries caused by accidental means. In the instant case there was no accidental circumstance which preceded the decedent's death, and if the plaintiff's claim is to be allowed it must be done on the theory that the decedent sustained an injury accidental in character and result. To be an injury accidental in character and result, it must be produced by a sudden violent attack upon the tissues or organs of the body producing a wound, tear or an abnormal condition thereon or therein.

Under the many decisions of our courts an injury as contemplated by the Workmen's Compensation Law may be defined as a hurt or damage done to one's person caused by trauma accidental in its origin and cause occurring in the course of and arising out of the employment; or a hurt or damage done to the person of an employe as the result of a sudden mishap occurring by chance and unexpectedly and not in the usual course of events of the employment, while being subjected to a greater hazard than are the members of the general public by reason of the activities, conditions and requirements of his employment.

The essential elements of a compensable injury may be stated as follows: 1st—The body must sustain physical or traumatic damage or harm. 2nd—Such damage or harm must occur suddenly and unexpectedly and not in the usual course of events. 3rd—It must occur in the course of and arise out of the employment. 4th—In the absence of direct trauma caused by accidental means, the physical damage or harm must result from the activities, conditions and requirements of the employment constituting a greater hazard than that to which the members of the general public are subjected.

In the instant case the decedent while engaged in the performance of his duties was intermittently subjected to a high temperature created by artificial means on a hot day at a place where he was required to be, and while being subjected to such high temperature and while undergoing exer-

tion incidental to his employment, he died. He was thus subjected to a greater hazard than were the members of the general public.

As shown by the autopsy, he also had a pre-existing heart condition described as a "myocardiac degeneration", and he died of a "coronary occlusion".

If his death was caused solely by this disease and nothing unusual or extraordinary occurred in his employment, then the plaintiff cannot recover, but if his death was occasioned by this disease or pre-existing condition and such disease or pre-existing condition was accelerated or aggravated by an injury accidental in character or result, a different conclusion must be reached.

The medical evidence in this case is conclusive that the heat to which the decedent was subjected was the proximate cause of his death, or in other words, he would not have died when he did if he had not been subjected to the heat incidental to his employment. His death, therefore, arose out of his employment and occurred in the course of his employment.

The coronary occlusion which the decedent suffered was precipitated by the heat to which he was subjected on his last turn of firing while undergoing exertion incidental to his employment, and this was an unexpected and sudden happening.

It is uniformly held that a workman, who while engaged in the performance of his usual duties, is subjected to an extreme and high temperature created by artificial means in a place where he is required to be, and while being subjected to such extreme and high temperature and while undergoing exertion is overcome by such heat as a causal result thereof, sustains an accidental injury.

The Court concludes from the evidence submitted in this case that the decedent was intermittently subjected to the particular hazard of extreme heat created by artificial means on a hot day, made necessary by the activities, conditions and requirements of his employment, to which the general public was not subjected; that his diseased heart suddenly and unexpectedly failed to function when his body was being subjected to such high temperature on his last turn of firing kilns; and that his death would not have occurred when it did if he had not been subjected to such high temperature while undergoing exertion incidental to his employment.

The decedent's sudden physical damage resulted from the harmful effects of the high temperature created by artificial means to which he was subjected in the course of his employ-

ment while engaged in the duties of his employment and as a result he sustained an accidental injury causing his death.

His widow, the plaintiff herein, is therefore entitled to participate in the State Insurance Fund.