17757

John W. CAULEY, Respondent, v. ROSS BUILDERS SUPPLIES, INC., and United States Casualty Company, Appellants

(118 S. E. (2d) 879)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellants,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

March 16, 1961.

LEGGE, Justice.

Respondent, an employee of Ross Builders Supplies, Inc., while trimming a piece of board to make a wedge as an accommodation for a fellow employee, sustained an injury which necessitated amputation of three fingers of the left hand. The hearing Commissioner's award of compensation was affirmed by the full Commission, save for reduction of the amount awarded for disfigurement. Appeal here is from a circuit court order affirming the Commission's award. The sole question for our determination is whether there was evidence to support the Commission's finding that the accident arose out of and in the course of the employment.

Respondent, a white man twenty-three years old, who had had training as a carpenter, was first employed by the company in 1957, to build displays. He was later transferred to the company's carpentry shop, where he did general carpentry, including construction of window units, display counters, and door frames. Later he was assigned to the company's store as salesman in the paint department; and in addition to such duties he was often requested by his supervisor, Mr. Stone, to build counters for display of the company's equipment and merchandise. Mr. Stone would indicate what kind of display counters he wanted, but the actual work of constructing them was left to respondent, who would do this work in the carpentry shop during periods when work in the store was slack.

On December 4, 1958, after finishing his lunch, respondent went to the carpentry shop to make a leg for a display counter. Having found a board suitable for that purpose, and having run it over the table saw and cut its width to eight inches, he decided that he would first make from it a wedge for a fellow employee, Burfield, to level a mantel clock in Burfield's home, respondent having a short time before made one for him that had not given a satisfactory result. While pushing the board through the joiner to taper it, respondent was injured. The evidence shows without contradiction that to have cut and tapered the wedge would have taken about five minutes.

This is not a case of lending aid to a fellow employee in the performance of the latter's duty to the employer. The task that respondent was performing was entirely personal to his fellow employee, and his injury was therefore not compensable unless the deviation from the course of his employment was so trivial that it could be fairly characterized as insubstantial. Larson's Workmen's Compensation Law, Section 27.15. The Commission found as a fact that the deviation was insubstantial. We think that the evidence before referred to adequately supports that finding.

Affirmed.

TAYLOR, Acting Chief Justice, OXNER and MOSS, JJ., and STEVE C. GRIFFITH, Acting Associate Justice, concur.