19464

John FLEMON et al., Appellants, and Robert Cornell Wheeler, Respondent, and Lisa Faye Metts and Beverly Ann Metts, Respondents, v. DICKERT-KEOWEE, INC., and Employers Mutual of Wausau, Defendants-Respondents.

(190 S. E. (2d) 751)

*Messrs. Jenkins, Perry & Pride,* of Columbia, and *John A. Martin,* of Winnsboro, *for Appellants,*

*Messrs. Walter T. Lake* and *Blease, Griffith, Stone* and *Hightower,* of Newberry *for Minor Respondents,*

August 3, 1972.

BUSSEY, Justice:

This Workmen's Compensation case arises out of a fatal injury to one John Robert Flemon in a compensable accident on April 8, 1968. The only issue before us is just who is entitled to compensation benefits. Flemon, an unmarried man, was survived by three acknowledged illegitimate children, to wit: Robert Cornell Wheeler, age 3; Lisa Faye Metts, age 2; and Beverly Ann Metts, age one month. Flemon also left surviving him his mother and father and brothers and sisters, who claim the benefits only as next of kin. The findings, opinion and award of the hearing Commissioner were favorable to the three illegitimate children and there was an appeal by the next of kin to the full Commission. An opinion and award by a majority of the full Commission concluded that Robert Cornell Wheeler was entitled to all of the benefits. It found that all three illegitimate children were the acknowledged children of the deceased but that only Robert Cornell Wheeler "was dependent upon the deceased and, therefore, qualifies as a 'child' under the terms and provisions

of Section 72.6." The next of kin and the Metts children appealed to the circuit court which held in accordance with the view of the hearing Commissioner that the three illegitimate children were entitled to the benefits as dependents of the deceased. From the decree only the next of kin appeal.

There is evidence indicating that the deceased had contributed irregularly to the support of his three acknowledged illegitimate children, the total amount of support being rather insubstantial, and it is the contention of the next of kin that the illegitimate children, even though acknowledged, are not dependents entitled to compensation benefits arising out of the death of their father in the absence of having been actually supported by him. The decision of the appeal is controlled by two sections of the Code and certain firmly established principles of law as to statutory construction. For the purposes of the Workmen's Compensation Law the word "child" is defined in Sec. 72-6 of the Code as follows:

"The term 'child' shall include a posthumous child, a child legally adopted prior to the injury of the employee and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent upon him. * * *"

Section 72-161 of the Code, in pertinent part, is as follows:

"Persons conclusively presumed wholly dependent,—A widow, a widower or a child shall be conclusively presumed to be wholly dependent for support on a deceased employee. * * *"

Our Workmen's Compensation Law originated with an Act approved the 17th day of July 1935; (1936 (39) 1231). Said Act was fashioned upon the North Carolina Workmen's Compensation Act and the opinions of the Supreme Court of North Carolina construing such Act are entitled to great weight. *McDowell v. Stilley Plywood Co.*, 210 S. C. 173, 41 S. E. (2d) 872; *Nolan v. Daley*, 222 S. C. 407, 73 S. E. (2d) 449; *Parrott v. Barfield*, 206 S. C. 381, 34 S. E. (2d) 802.

In the North Carolina case of *Lippard v. Southeastern Express Co.,* 207 N. C. 507, 177 S. E. 801, decided January 1, 1935, some months before South Carolina adopted its Workmen's Compensation Law, the Court was confronted with virtually the identical issue which we now have before us. At that time the pertinent provisions of the North Carolina Act were identical with the Code sections hereinabove quoted from our Act. The deceased Lippard in that case was survived by three legitimate children; he was engaged to be married on September 24, 1932, but died on September 20th, his fiancee being then pregnant by him. The North Carolina Court construed the identical code provisions and held that the posthumous illegitimate child of the deceased was entitled to share in the compensation benefits along with his legitimate children. I quote the following from the opinion:

"The fact that the illegitimate child, whose paternity was acknowledged by the deceased employee prior to his death, was born after his death does not affect the relationship between the child and its father. *The dependency which the statute recognizes as the basis of the right of the child to compensation grows out of the relationship, which in itself imposes upon the father the duty to support the child, and confers upon the child the right to support by its father.* The status of the child, social or legal, is immaterial.

"The philosophy of the common law which denied an illegitimate child any rights, legal or social, as against its father, and imposed no duty upon the father with respect to the child, is discarded by the statute. The child is no less the child of its father because it was born after his death. The statute expressly provides that the compensation shall be divided among the dependents of the deceased employee." (Emphasis added.)

In *Fuller v. S. C. Tax Commission,* 128 S. C. 14, 121 S. E. 478, it was held as follows:

"Where the language incorporated into a statute is identical or substantially identical with that appearing in similar

statutes of other states which have received judicial construction and interpretation prior to the adoption of the statute under consideration, in the absence of an expressed intention to the contrary it will be presumed that the subsequently enacted statute was intended to be understood and applied in accordance with the construction given it by the courts of the states which had first adopted it. 25 R. C. L. 1069-1071; *Simpson v. Willard,* 14 S. C. 191."

The holding of the court in Fuller was followed and applied in *Fulghum v. Bleakley,* 177 S. C. 286, 181 S. E. 30. We find nothing in the Act evincing an intention on the part of the legislature that the particular Code sections were to be given any construction contrary to the construction thereof by the North Carolina Supreme Court. Incidentally, the statutory construction adopted by the North Carolina Supreme Court in Lippard has been consistently followed in that state. See: *Hewett v. Garrett,* 274 N. C. 356, 163 S. E. (2d) 372.

In addition to the presumption that the *Lippard* case was known to the General Assembly and in effect intended by it to become a part of our compensation law upon its adoption, such decision was publicized in this state in the 1951 case of *Barr's Next of Kin v. Cherokee, Inc.,* 220 S. C. 447, 68 S. E. (2d) 440. In that case the circuit court followed and applied the Lippard decision in decreeing benefits for an alleged illegitimate child. The circuit decree was reversed by the Supreme Court on another ground, but the Supreme Court opinion also cited the Lippard decision and indicated no disagreement with the circuit court's view thereof. Thus again was the Lippard decision brought to the attention of the General Assembly more than twenty years ago. Despite such there have been no amendments which would vitiate the Lippard construction of these Code sections.

The foregoing, we think, should be completely dispositive of the appeal, but it might not be amiss to add that both under the law of this state as it existed at the time of the

adoption of the Workmen's Compensation Law, and that existing at the time of Flemon's death, a legal duty was imposed upon a father to support his illegitimate children. 1932 Code Sec. 1726 *et seq.;* 1962 Code Sec. 20-303.

It is well settled that our Workmen's Compensation Act is remedial legislation which is entitled to a liberal construction in order to accomplish the ends and purposes for which it was enacted. It is also settled that one of the obvious primary purposes of the Act was to prevent injured employees and those lawfully dependent upon them for support from becoming charges upon society and the public generally for support. See numerous cases collected in *West's South Carolina Digest,* Workmen's Compensation, Key No. 11. The construction of our Act contended for by the next of kin and the award of the compensation benefits to such non-dependent next of kin to the exclusion of deceased's children would surely increase the likelihood of his children, who were lawfully entitled to be supported by him, becoming charges upon society and the public generally, thus defeating one of the primary purposes of the Act.

For the foregoing reasons it is our conclusion that there was no error in the judgment below and it is, accordingly,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.