20013

James HOWELL, Respondent, v. KASH & KARRY, and Harleysville
Mutual Casualty Company, Appellants

(214 S. E. (2d) 821)

*Duke K. McCall, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellants,*

*Messrs. Richard J. Foster,* of *Foster & Poteat,* Greenville, and *Alexander M. Sanders, Jr.,* of Columbia, *for Respondent,*

*Duke K. McCall, Jr., Esq.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Appellants,* in Reply.

May 14, 1975.

BUSSEY, Judge:

This is a workmen's compensation case wherein the employer and carrier appeal from an order of the circuit court affirming an award of compensation by the Industrial Com-

mission. The facts of the case, as clearly established by the evidence, and/or readily inferable therefrom, are as follows. The employer, Kash and Karry, operates a very large supermarket at the intersection of Buncombe Road and Mulberry Street in Greenville, South Carolina. It maintains a parking lot for its customers across Buncombe Road and another across Mulberry Street from the actual store.

While traffic upon the sidewalks, immediately adjacent to Kash and Karry, is not restricted solely to its customers, pedestrian traffic is primarily composed of customers of Kash and Karry going to the store and back to the parking lots with grocery carts, the carts of Kash and Karry being frequently parked on the sidewalks themselves.

The claimant, Howell, was a regular employee of Kash and Karry as a checking clerk and stockboy. On the night of December 30, 1971, at about 8:00 p. m., he was sent to the parking lot across Mulberry Street to retrieve a number of gliders or carts. As he was returning to the store Mrs. Clara Belk and her sister were on the Mulberry Street sidewalk approaching the entrance to Kash and Karry, which was immediately around the corner from them on Buncombe Road. Two small boys snatched the purse of Mrs. Belk and Howell gave chase in an effort to overtake the boys and retrieve Mrs. Belk's purse. In doing so he ran into a low fence, fell and broke his arm.

Mrs. Belk and her sister had parked in the Mulberry Street parking lot immediately prior to the altercation and were on their way to Kash and Karry for the purpose of grocery shopping, where Mrs. Belk, at least, had previously shopped and she was familiar with its store and parking lot. They had parked in the parking lot for no other purpose than to enter Kash and Karry. The purse snatchers got all the money that either Mrs. Belk or her sister had to shop with so that they were unable to pursue the intended grocery shopping. There is no contention that it was a part of Howell's regular duties to protect the customers or their

property, and no evidence to the effect that Howell, in fact, knew Mrs. Belk or that she was a customer. The circumstances reflected by the evidence, however, are such as would have led Howell or any other reasonable person to believe that Mrs. Belk was at least most probably a customer of Kash and Karry, if under the circumstances of the emergency, he had taken time to reflect thereabout.

Upon the foregoing facts the Commission below as well as the circuit court found, contrary to the contention of the employer-carrier, that the claimant's injury arose out of, and in the course of his employment. We are of the view that the Commission and the circuit court reached the right conclusion and that there is no merit in this appeal. Somewhat similar cases are cited by both appellants and respondent, but no case precisely in point factually is cited by either. The better reasoned decisions clearly support the position of the claimant.

Larson's Workmen's Compensation, Section 27.00 states the generally recognized rule as follows:

"An act outside an employee's regular duties which is undertaken in good faith to advance the employer's interest, whether or not the employee's own assigned work is thereby furthered, is within the course of employment."

Here the employee-claimant was in the course of his regular duties when, in his immediate presence a customer who had already parked her vehicle in the store parking lot and was within a few feet of the entrance to the store was hit, pushed and robbed by two purse snatchers. It clearly would have been to the financial interest of the employer, in this case, if the claimant had successfully recovered the purse of the customer. The money that she intended to spend in the employer's store was in the purse that he was attempting to recover. As pointed out by Professor Larson in section 27.22(a), awards have been upheld for injuries occurring in the course of miscellaneous Good Samaritan activities by employees, on the theory that the employer ultimately

profited as a result of the good will thus created, and, as he points out, "When the person assisted stands in some business relation to the employer, the employer benefit is relatively obvious."

The time, place and scope of the claimant's actual duties brought him immediately in contact with a customer of his employer who was in sore distress. To assist a customer in any kind of distress is a natural incident of any employee's employment. Would not any reasonable employer expect the nearest employee to go to the rescue of a customer even though rendering assistance was not a part of the regular assigned duty of the employee? Would not every employer want his customers to feel that the employer and his employees would make every reasonable effort to protect them and their purses from juvenile purse snatchers operating in the immediate vicinity of the employer's premises? The only common sense answer to these questions is yes. In view of the current prevalance of purse snatching by juvenile delinquents, there is obvious and substantial benefit flowing to a merchant from knowledge on the part of his customers that the merchant and his employees will make every reasonable effort to protect the customers and their purses from such juvenile delinquents. We have no real difficulty in concluding that the claimant's injury in the instant case arose out of, and in the course of his employment and the judgment of the court below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, LITTLEJOHN and NESS, JJ., concur.