1483

Wilton Coke HOLLEY, Deceased Employee and Louise Tate Holley, Respondents v. OWENS CORNING FIBERGLAS CORPORATION and Standard Fire Insurance Company, Appellants.

(392 S.E. (2d) 804)

Court of Appeals

*C. Thomas Cofield, III*, Anderson, *for appellants.*

*V. Laniel Chapman* of *Chapman, King & Byroholdt*, Anderson, and *C. Ben Bowen* of *The Bowen Law Firm*, Greenville, *for respondents.*

Heard Jan. 22, 1990.

Decided April 2, 1990.

GARDNER, Judge:

This case involves a workers' compensation claim for death benefits instituted by Louise Tate Holley, the surviving spouse of Wilton Coke Holley (Holley). The Hearing Commissioner awarded death benefits. The Full Commission and the circuit court affirmed. We affirm.

## ISSUE

Was Holley's heart attack a compensable accident under the Workers' Compensation Act?

## FACTS

Holley, aged 54, was employed as a hot repairman. He was the only hot repairman employed by Owens Corning. His job required him to climb ladders adjacent to a furnace once or twice a week to abrade slag from the top of the surface. The ladder wells totaled nearly 87 feet in height and the temperature approached, if not equaled, 120 degrees Fahrenheit. Two of Owens Corning's employees testified the temperature in the wells was so hot it would literally take your breath away. As Holley ascended the ladders, the temperature increased.

On the day of Holley's death, he told his supervisor and a co-worker that he was going to the top of the stack. He called his supervisor from the top of the stack to determine whether enough slag had been removed. When he came down, Holley told his supervisor "something happened to me," and that he came down from the stacks without help because he was afraid no one could get to him. A few moments after getting down, Holley experienced difficulty breathing and "began hitting his chest." He was taken by ambulance to the hospital but was dead on arrival.

There is medical testimony of record that the extreme heat and the climbing of the ladders on the day of his death contributed to, accelerated or aggravated a preexisting heart condition and thereby caused Holley's death.

The appealed order is based upon the traditional heart

attack rule, i.e., a heart attack is deemed a compensable accident under the workers' compensation law if it is induced by unexpected strain or overexertion in the performance of the duties of the employment or by unusual and extra-ordinary conditions in the employment.[1] We affirm but for a different reason.

## DISCUSSION

*Russell v. Industrial Commission,* 50 Ohio L. Abs. 534, 78 N.E. (2d) 406 (1947) was a workers' compensation case in which the court found that the claimant's heart attack, which was caused by excessive heat, was compensable as an accident; from it we quote:

> It is uniformly held that a workman who, while engaged in the performance of his usual duties, is subjected to an extreme and high temperature created by artificial means in a place where he is required to be, and while being subjected to such extreme and high temperature and while undergoing exertion is overcome by such heat as a causal result thereof, sustains an accidental injury.

Our courts have adopted the above rule with respect to heat stroke, heat exhaustion and sunstroke. To this moment our courts have not applied this rule to heart attacks, but the rule has been given wide latitude by language such as the following from *Smith v. Southern Builders,* 202 S.C. 88, 24 S.E. (2d) 109 (1943):

> The question as to whether heat stroke is to be deemed an accidental injury within the meaning of the workmen's compensation acts has been frequently before the courts. In some cases distinction is made between injuries caused by natural and those caused by artificial heat; and in a few it is said that the *injury must be caused by some unusual or extraordinary condition.* The rule supported by the weight of authority, however, is that heat prostration which results from the employee's engaging in the employment, *whether due to unusual or*

---

[1] Owens Corning vigorously argues that the climbing and excessive heat were part of Holley's usual employment and for this reason his heart attack was not a compensable accident.

*extraordinary condition or not, is to be deemed an accidental injury within the meaning of the statutes.* * * * Such an injury is accidental in that it is unforeseen and unexpected. *If it results from the conditions under which the work is carried on, there is no reason why it should not be held compensable.* In such case, it is one of the casualties of the business; and it is the purpose of the compensation statutes to place the burden of such casualties upon the business and not upon the unfortunate employee. [Emphasis added.]

Language similar to that above was held to create an exception to the traditional heart attack rule in the case of *Dillingham v. Yeargin Const. Co.*, 320 N.C. 499, 358 S.E. (2d) 380 (1987) *reh'g denied* 320 N.C. 639, 360 S.E. (2d) 84 (1987). In reversing the Commission and the trial court, the Court of Appeals of North Carolina said:

We have stated that an injury does not arise by accident if it occurs when the claimant is carrying on his normal work routine, performing his customary duties in the usual way. *Lawrence v. Mill*, 265 N.C. 329, 144 S.E. (2d) 3 (1965). We have also held that injuries caused by a heart attack must be precipitated by unusual or extraordinary exertion in order to be compensable. *Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E. (2d) 410 (1954). It seems clear that the commissioner had these well-settled rules in mind when finding the facts as stated in paragraph 7. However, these findings are not relevant to a determination of this case, as an exception to the above-stated rules has been carved out by *Fields v. Plumbing Co.*, 224 N.C. 841, 32 S.E. (2d) 623 (1945). [Emphasis ours.]

*Fields* states the rule to be applied when the injury is sustained through occupational exposure to heat or cold:

[W]here the employment subjects a workman to a special or particular hazard from the elements, such as excessive heat or cold, likely to produce sunstroke or freezing, death or disability resulting from such cause usually comes within the purview of the compensation acts . . . . The test is whether the employment subjects the work-

man to a greater hazard or risk than that to which he otherwise would be exposed.

Id. at 842-43, 32 S.E. (2d) at 624 (citations omitted). *Fields* represents the majority rule in this country. Other jurisdictions hold, with virtual unanimity, that when the conditions of employment expose the claimant to extreme heat or cold, injuries such as heatstroke, heat exhaustion, heat prostration, sunstroke, freezing, and frostbite are considered accidental. 1B A. Larson, *The Law of Workmen's Compensation* Section 38.40 (1987); 99 C.J.S. *Workmen's Compensation* Section 187 (1958); 83 A.L.R. 234 (1933).

The South Carolina Workers's Compensation Act was tailored after the North Carolina Act and opinions of the North Carolina Supreme Court construing such Act are entitled to great weight with the appellate courts of this state. *Carter v. Penney Tire and Recapping Co.*, 261 S.C. 341, 200 S.E. (2d) 64 (1973).

The question before us is whether Holley's heart attack was a compensable accident as envisioned by the Workers' Compensation Act. We hold, under the theory of *Dillingham*, that it was.

An accident, which under the compensation law arises out of the employment, arises when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. If the injury can be seen to have followed as a natural incident of the work and as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. *Carter v. Penney Tire and Recapping Co., supra.*

The Hearing Commissioner and the Full Commission found, *inter alia*, that Holley suffered a heart attack as a result of a pre-existing coronary condition which was aggravated and accelerated by climbing in excessive heat in the place of his employment. We find and hold that there is more than substantial evidence of record to support this finding of fact. Under these circumstances we now adopt the rule of *Russell* and *Dillingham* to the effect that the quoted rule of *Smith v. Southern Builders, supra* applies to heart

attack cases. This carves out an exception to the traditional heart attack rule. Accordingly, we hold that Holley's heart attack was a compensable accident.[2]

## CONCLUSION

Our holding in this case is bolstered by its consonance with the purposes of the Workers' Compensation Act. The Act was adopted to protect industrial workers against the hazards of their employment and to cast on the industry in which they are or were employed a share of the burden resulting from industrial accidents. Workers' compensation laws are to be liberally construed. Any reasonable doubt as to construction should be resolved in favor of the claimant and in favor of providing coverage rather than noncoverage. *See* West's South Carolina Digest *Workers' Compensation* Key Nos. 46, 48 and 52 (1952 and 1989 Supp.).

For the above reasons, we now hold that the language we quoted from the case of *Smith v. Southern Builders, supra* is applicable to heart attacks and creates an exception to the traditional heart attack rule and for that reason affirm the appealed order.

Affirmed.

BELL and CURETON, JJ., concur.

─────────

[2] This holding is consistent with the developing law on this subject. *See* 1B Larson's, Workmen's Compensation Law, Section 38.40 and 38.50. Interestingly, see Section 38.64 entitled "Erosion of Unusualness Test in Heart Cases."