**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Celeste Hemingway, as Personal Representative for the Estate of Ronnie Earl Davis and David Brown, Appellants,

v.

Marion County and Marion County Prison Camp, Respondents,

Appellate Case No. 2012-212621

———————

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-282
Heard June 4, 2013 – Filed June 26, 2013

———————

**AFFIRMED**

———————

Eric Marc Poulin, of Anastopoulo Law Firm, LLC, of North Charleston, for Appellants.

D. Malloy McEachin, Jr., of McEachin & McEachin, P.A., of Florence, for Respondents.

**PER CURIAM:** In this tort action, Appellants appeal the trial court's grant of summary judgment, contending the trial court erred in finding their causes of action are barred by the exclusivity provision of the Workers' Compensation Act

(the Act) because the claims fall within the personal comfort doctrine. According to Appellants, because swimming is not necessary to an employee's life, comfort, and convenience, it is not covered by the personal comfort doctrine. We affirm.

Whether the exclusivity provision of the Act applies, barring an employee-plaintiff's tort claim against a defendant-employer, is a jurisdictional question; therefore, it is a question of law. *See Sabb v. S.C. State Univ.*, 350 S.C. 416, 422-23, 567 S.E.2d 231, 234 (2002) (noting whether the Act's exclusivity provision applies invokes a question of the circuit court's original jurisdiction); *Harrell v. Pineland Plantation, Ltd.*, 337 S.C. 313, 320, 331, 523 S.E.2d 766, 769, 775 (1999) (noting the determination of statutory employment and the consequent application of the exclusivity provision is a question of law); *Glass v. Dow Chem. Co.*, 325 S.C. 198, 201-02, 482 S.E.2d 49, 50-51 (1997) (reviewing the appellant's argument that the Act provided the exclusive remedy for the respondent as a question of law because it was jurisdictional in nature). In such cases, "this [c]ourt has the power and duty to review the entire record and decide the jurisdictional facts in accord with the preponderance of the evidence." *Harrell*, 337 S.C. at 320, 523 S.E.2d at 769. "'In determining jurisdictional questions, doubts of jurisdiction will be resolved in favor of inclusion of employees within workers' compensation coverage rather than exclusion.'" *Hill v. Eagle Motor Lines*, 373 S.C. 422, 429, 645 S.E.2d 424, 427 (2007) (quoting *Wilson v. Georgetown Cnty.*, 316 S.C. 92, 94, 447 S.E.2d 841, 842 (1994)).

The personal comfort doctrine assists a tribunal in determining whether an employee's actions, while entirely personal activities engaged in at work, are such that they are considered incidental to employment and therefore covered under the Act. *Osteen v. Greenville Cnty. Sch. Dist.*, 333 S.C. 43, 46, 508 S.E.2d 21, 23 (1998). The personal comfort doctrine provides:

> Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, and not acts of service, are incidental to the service, and injury sustained in the performance thereof is deemed to have arisen out of the employment. A man must breathe and occasionally drink water while at work . . . . That such acts will be done in the course of employment is necessarily contemplated, and they are inevitable incidents. Such dangers as attend them, therefore, are incident dangers. At the same time injuries

occasioned by them are accidents resulting from the employment.

*Mack v. Branch No. 12 Post Exch.*, 207 S.C. 258, 264-65, 35 S.E.2d 838, 840 (1945). However, the personal comfort doctrine "has consistently been limited to imperative acts such as eating, drinking, smoking, seeking relief from discomfort, preparing to begin or quit work, and resting or sleeping." *Osteen*, 333 S.C. at 47-48, 508 S.E.2d at 23. Specifically, seeking relief from discomfort "includes getting warm, getting fresh air or relief from heat, and seeking toilet facilities." *Id.* at 47 n.2, 508 S.E.2d at 23 n.2.

Here, the record contains testimony indicating the inmates had been working in extreme heat. Additionally, Brown testified the inmates specifically asked if they could get in the water to "cool off," providing direct evidence the inmates were attempting to seek "relief from the heat." Based on this evidence, we hold the trial court did not err in finding the inmates' actions, in getting into the river, fell within the personal comfort doctrine.

Further, we reject Appellants' contention that the inmates' swimming was outside the personal comfort doctrine because it was not "necessary to the life, comfort, and convenience" of the inmates. In *Osteen*, the court specifically found "eating, drinking, smoking, seeking relief from discomfort, preparing to begin or quit work, and resting or sleeping," to be within the personal comfort doctrine. 333 S.C. at 47-48, 508 S.E.2d at 23. We read the "necessary to the life, comfort, and convenience" language to apply more broadly to the general categories set forth in *Osteen*, rather than to the specific manner in which an employee might accomplish those categories. In essence, the court was saying, as a matter of law, these categories are "necessary to the life, comfort, and convenience" of an employee.[1]

---

[1]Professor Larson, often cited by South Carolina courts as an authority in workers' compensation law, seems to agree, opining after reviewing the cases finding smoking "does not constitute a departure from the employment, it becomes obvious there is little left of the 'necessity' test in qualifying activities for the personal comfort rule." 2 Lex K. Larson, Larson's Workers' Compensation § 21.04 (Mathew Bender, Rev. Ed.) (2012); *see Bentley v. Spartanburg Cnty.*, 398 S.C. 418, 422, 730 S.E.2d 296, 298 (2012) (citing Professor Larson's treatise to identify the three categories into which work-related injuries fall); *Cauley v. Ross*

Accordingly, we hold the trial court did not err in finding Appellants' actions fell within the personal comfort doctrine. In reaching this determination, we also note other jurisdictions have reached the same conclusion on similar facts to this case. *See LFI Pierce, Inc. v. Carter*, 829 So.2d 158 (Ala. Civ. App. 2001) (finding employee's actions in jumping into a lake to fall within the personal comfort doctrine); *State Comp. Ins. Fund v. Workmen's Comp. App. Bd.*, 434 P.2d 619 (Cal. 1967) (finding employee's injury from swimming in a nearby canal on a hot day to be within the personal comfort doctrine). Consequently, the trial court did not err in finding Appellants' claims were barred pursuant to the Act's exclusivity provision.

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

*Builders Supplies, Inc.*, 238 S.C. 38, 40, 118 S.E.2d 879, 880 (1961) (adopting Professor Larson's rule for injuries occurring while assisting co-employees).