**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Thorpe, Employee, Claimant, Respondent,

v.

Town of Bowman, Employer, and State Accident Fund, Carrier, Appellants.

Appellate Case No. 2017-001408

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2018-UP-414
Submitted September 1, 2018 – Filed November 7, 2018

**AFFIRMED**

Clarke W. McCants, III, of Nance, McCants & Massey, of Aiken, for Appellant.

Robert Michael Johnson, Jr., of Michael Johnson, PC & Associates, of Fort Mill, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 599 (Ct. App. 2009) ("The Appellate Panel's decision must be affirmed if supported by substantial evidence in the record."); *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) ("In workers' compensation cases, the

Appellate Panel is the ultimate fact finder."); S.C. Code Ann. § 42-1-160(A) (2015) (requiring compensable injuries by accident to "aris[e] out of and in the course of employment"); *Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 385, 769 S.E.2d 1, 3 (2015) ("An injury arises out of employment if it is proximately caused by the employment."); *Bright v. Orr-Lyons Mills*, 285 S.C. 58, 60, 328 S.E.2d 68, 70 (1985) ("The time, place, and circumstances of the accident determine whether the accident occurred 'in the course of employment.'"); *Osteen v. Greenville Cty. Sch. Dist.*, 333 S.C. 43, 49, 508 S.E.2d 21, 24 (1998) ("The two parts of the phrase 'arising out of an in the course of employment' are not synonymous.  Both parts must exist simultaneously before any court will allow recovery."); *Howell v. Kash & Karry*, 264 S.C. 298, 301, 214 S.E.2d 821, 822 (1975) ("An act outside an employee's regular duties which is undertaken in good faith to advance the employer's interest, whether or not the employee's own assigned work is thereby furthered, is within the course of employment." (quoting Larson's Workmen's Compensation, § 27.00)).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.