766 F.2d 898
 1985 A.M.C. 2906
 HERB'S WELDING and United States Fidelity & Guaranty
Company, Petitioners,
v.
Robert H. GRAY and the Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 82-4147.
 United States Court of Appeals,
Fifth Circuit.
 July 29, 1985.
 
 John F. Simon, Alexandria, La., and Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, La., for petitioners.
 Christopher Tompkins, New Orleans, La., for amicus Kerr McGee Corp.
 Robert M. Contois, Jr., New Orleans, La., for amicus Texaco, et al.
 T. Timothy Ryan, Jr., Solicitor of Labor, U.S. Dept. of Labor, Allen H. Feldman, Steven J. Mandel, Joshua T. Gillelan, II, Washington, D.C.; James J. Brady and T. Gerald Henderson, Alexandria, La., for respondents.
 Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for other interested parties.
 PETITION FOR REVIEW OF A FINAL ORDER OF THE BENEFITS REVIEW BOARD.
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 Before CLARK, Chief Judge, THORNBERRY, and REAVLEY, Circuit Judges.
 CLARK, Chief Judge:
 
 
 1
 Petitioners appeal the order of the Benefits Review Board of the United States Department of Labor (Board) awarding the claimant Robert Gray benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). We reverse.
 
 
 2
 * This case is before us on remand from the Supreme Court. In our original opinion we affirmed the Board's decision on the grounds that Gray was within the direct coverage of the LHWCA because he was engaged in maritime employment. Herb's Welding, Inc. v. Gray, 703 F.2d 176, 180 (5th Cir.1983). We pretermitted the question of whether Gray was entitled to LHWCA benefits under the provision of the Outer Continental Shelf Lands Act (Lands Act) that provides such benefits to workers injured as a result of operations conducted to remove natural resources from the subsoil or seabed of the outer continental shelf. 43 U.S.C. Sec. 1333(b). The Board had based its decision that Gray was eligible for LHWCA benefits on this provision.
 
 
 3
 The Supreme Court, --- U.S. ----, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985), in Herb's Welding, Inc. v. Gray, reversed our decision that Gray was engaged in maritime employment and remanded the case so that we could address the question of his eligibility for LHWCA benefits under the Lands Act.
 
 II
 
 4
 The relevant provision of the Lands Act states:
 
 
 5
 [W]ith respect to disability or death of an employee resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing, or transporting by pipeline the natural resources, or involving rights to the natural resources, of the subsoil and seabed of the outer Continental Shelf, compensation shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act.
 
 
 6
 43 U.S.C. Sec. 1333(b).
 
 
 7
 Gray was injured on a fixed rig in Louisiana waters while bracing a gas line that ran from one part of the production platform to another. He offers two reasons why this injury should be considered to be the result of operations on the shelf. First, the oil field to which he was assigned is located partly over the shelf and partly in Louisiana territorial waters. The Board found that he spent 25% of his time working on rigs located on the shelf. Second, the platform on which he was injured was connected by a gas flow line to a second platform within state waters which in turn was connected by a flow line to a third platform located on the shelf.
 
 
 8
 * The Board concluded that these two factors made Gray's work an integral part of the operations to extract resources from the shelf and that his injury occurred as a result of such operations. Accordingly, it held that Gray was entitled to LHWCA benefits under section 1333(b) of the Lands Act.
 
 
 9
 Appellants dispute the Board's findings as to the amount of time Gray spent on the shelf and as to whether the platform on which he was injured was connected to the shelf by the pipelines. The resolution of these questions is not necessary. Even if we accept the Board's findings on these points, its decision that Gray's injury was the result of operations on the shelf must be reversed.
 
 
 10
 This circuit has adopted a "but for" test of causation in determining whether a particular injury was the result of operations on the shelf. Barger v. Petroleum Helicopters, Inc., 692 F.2d 337, 340 (5th Cir.1982), cert. denied, 461 U.S. 958, 103 S.Ct. 2430, 77 L.Ed.2d 1316 (1983); Stansbury v. Sikorski Aircraft, 681 F.2d 948, 951 (5th Cir.), cert. denied, 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 935 (1982). Both of these cases addressed the applicability of section 1333(b) to employees killed in helicopter crashes on the high seas while flying to or from a fixed rig located on the shelf. Barger was a helicopter pilot employed by Chevron to ferry workers and equipment between various rigs and land. Stansbury was a Chevron foreman who traveled to drilling sites on land and to water-based rigs in order to supervise and inspect painting jobs. In each case we found that the decedent's work had furthered the operation of a fixed rig on the shelf and was in the regular course of extractive operations on the shelf. Neither death would have occurred "but for" the extractive operations on the shelf.
 
 
 11
 Gray's injury happened on a platform that produced oil from the territorial seabed, not that of the shelf. Even if Herb's Welding had confined its operations solely to the Louisiana part of the oil field, the accident still would have happened. The fact that the platform where Gray was injured might have been indirectly connected to a platform on the shelf by a network of pipelines is unrelated to the accident's causation.
 
 B
 
 12
 This conclusion obviates the need to consider the second question raised by both appellants and the dissenting member of the Board: Whether section 1333(b) can ever apply to an injury that occurs in territorial waters and not on the shelf.
 
 C
 
 13
 Under our decision, an employee's coverage will change depending on the rig to which he is assigned on a particular day. Such an element of inconsistency is less than desirable in the law of compensation for injured offshore oil workers, a field which Barger aptly described as "an area already beset by more than its fair share of incongruous results." 692 F.2d at 340. In this case, however, the inconsistency is dictated by the specific geographical limitations imposed by the Lands Act. Part of the rationale behind our original conclusion that Gray was entitled to coverage directly under the LHWCA was to avoid checkered and inconsistent coverage under that statute. 703 F.2d at 178. In reversing our decision, the Supreme Court pointed out that there will always be boundaries to any particular form of compensation coverage and there will always be people who cross that line during their employment. Herb's Welding, 105 S.Ct. at 1429. Such inconsistencies are to be addressed by Congress, not the courts. Id.
 
 III
 
 14
 For these reasons, the decision of the Board is
 
 
 15
 REVERSED.