846 F.2d 1013
 1988 A.M.C. 2217
 O'Neal MILLS, Sr., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, McDermott,
Incorporated and Crawford and Company,
Respondents.
 No. 87-4464.
 United States Court of Appeals,
Fifth Circuit.
 June 13, 1988.
 
 Lawrence A. Arcell, Barker, Boudreaux, Lamy & Foley, New Orleans, La., for petitioner.
 
 
 1
 Joseph W. Looney, Marion L. Fagan, New Orleans, La., for McDermott & Crawford.
 
 
 2
 Joshua T. Gillelan, II, Washington, D.C., for Director, Office of Workers Compensation Program, U.S. Dept. of Labor.
 
 
 3
 Petition for Review of an Order of the Benefits Review Board.
 
 
 4
 Before RUBIN and POLITZ, Circuit Judges, and DUHE*, District Judge.
 
 DUHE, District Judge:
 
 5
 O'Neal Mills ("Mills") appeals the denial of Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. ("LHWCA") benefits. We reverse.
 
 
 6
 Mills, a land based welder employed by McDermott, Inc., was injured at its shipyard in Amelia, Louisiana when the basket in which he was working on shore was dropped by a land-based crane causing him to fall to the ground. For some six to twelve months prior to and including the day of his injury, he was engaged in welding operations on shore fabricating a platform destined for use on the Outer Continental Shelf. His application for LHWCA benefits pursuant to 33 U.S.C. Sec. 901 et seq. as extended by the Outer Continental Shelf Lands Act ("OCSLA") 43 U.S.C. Sec. 1331 et seq. was initially approved by the Deputy Commissioner, but this decision was reversed at a hearing before an Administrative Law Judge. The ALJ's decision was upheld by the Benefits Review Board and Mills appeals.
 
 
 7
 Mindful that "... there will always be a boundary to coverage, and there will always be people who cross it during their employment,"[1] we try once again to define the line of coverage drawn by the OCSLA.
 
 
 8
 32 U.S.C. Sec. 1333(b) extends the coverage of the LHWCA to:
 
 
 9
 "... disability or death of an employee resulting from any injury occurring as a result of operations conducted on the Outer Continental Shelf for the purpose of exploring for, developing, removing, or transporting by pipeline the natural resources, or involving rights to the natural resources, of the subsoil and seabed of the Outer Continental Shelf,...." (emphasis added).
 
 
 10
 McDermott argues that because Mills' injury did not actually take place on the Outer Continental Shelf, he is not covered by the LHWCA. For their part, Mills and the Director ask us to reject a strict situs test as we did in Barger and Stansbury.[2]
 
 
 11
 We agree that a strict situs test is foreclosed by the language of the Act and this Circuit's prior decisions. The language of Sec. 1333 obviously requires a connection with operations conducted on the Shelf, but does not so obviously require that the injury actually occur on the Outer Continental Shelf. Other language of the act is more helpful and we find Sec. 1331(l ) controls this case. It reads as follows:
 
 
 12
 The term "development" means those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." (emphasis added).
 
 
 13
 The work appellant Mills was doing, i.e. offshore platform construction is specifically included within the term "development" as defined in Sec. 1331(l ). The expansive definition of development shows Congress realized that some development activities such as platform construction would take place on land as in this case. McDermott argues that extending coverage to Mills would require extending LHWCA benefits to anyone whose work is even remotely connected with offshore operations, perhaps including even those who assemble engines that are ultimately incorporated in a structure on the Shelf. We do not agree. The fact is, the platform Mills worked on was specifically designed for and being built solely for use in operations on the Shelf; consequently, but for operations on the Shelf, this particular platform would not have been built. Like the workers in Barger and Stansbury, Mills' injury would not have occurred but for the operations on the Shelf.
 
 
 14
 Our decision does not extend LHWCA coverage to those whose connection with operations on the Shelf is tenuous. Workers like Gray[3] whose work is only indirectly connected with the Shelf will still not be covered. The "but for" test this Circuit has adopted is not the simple "causa sine qua non " test of tort law, but includes the requirement that the claimant show a nexus between the work being done and operations on the shelf similar to the proximate cause test in tort law; it requires that the work "further[s] the operation of a fixed rig on the shelf and [is] in the regular course of extractive operations on the shelf."[4] Construction of a platform specifically destined for the Shelf is included in this test. Construction of equipment not specifically intended for operations on the Shelf is not included.
 
 
 15
 For example a worker who manufactures equipment that fortuitously ends up on the Shelf would not be covered by the LHWCA. Although we recognize there may be a need for further line drawing, we leave that for another time.
 
 
 16
 For these reasons, we REVERSE and REMAND.
 
 
 
 *
 District Judge of the Western District of Louisiana, sitting by designation
 
 
 [1]
 Herbs Welding, Inc. v. Gray, 470 U.S. 414, 418, 105 S.Ct. 1421, 1429, 84 L.Ed.2d 406 (1985) citing Nacirema Operating Co. v. Johnson, 396 U.S. 212, 223-224, 90 S.Ct. 347, 354-355, 24 L.Ed.2d 371 (1969)
 
 
 [2]
 Barger v. Petroleum Helicopters, Inc., 692 F.2d 337 (1982) and Stansbury v. Sikorski Aircraft, 681 F.2d 948 (5th Cir.1982)
 
 
 [3]
 Herbs Welding, Inc. v. Gray, 766 F.2d 898 (5th Cir.1985). In that case, the court held that a worker who was injured in territorial waters was not eligible for LHWCA benefits merely because the rig he was working on was connected by pipelines to a platform on the Shelf
 
 
 [4]
 Herb's Welding, supra, 766 F.2d at 900 (emphasis added)