641 S.E.2d 869

**Charles Christopher GRANT, Claimant, Petitioner,**

v.

**GRANT TEXTILES, Employer and U.S. Fire Insurance Company, Carrier, Respondents.**

No. 26267.

Supreme Court of South Carolina.

Heard Nov. 14, 2006.
Decided Feb. 20, 2007.
Rehearing Denied March 21, 2007.

Richard H. Rhodes, and Ray E. Thompson, Jr., both of Burts, Turner, Rhodes & Thompson, of Spartanburg, for petitioner.

Stephen L. Brown, Jeffrey J. Wiseman, and Robert P. Gruber, all of Young Clement Rivers, LLP, of Charleston, for respondents.

Justice MOORE.

This is a workers' compensation case. Petitioner (Claimant) was injured in an accident while walking along a highway. The single commissioner found Claimant's injury was compensable because it arose out of and in the course of his employment. The full commission reversed. The circuit court then reversed the full commission. In a 2–1 decision, the Court of Appeals reversed the circuit court and reinstated the full commission's decision to deny compensation. *Grant v. Grant Textiles*, 361 S.C. 188, 603 S.E.2d 858 (Ct.App.2004). We reverse.

## FACTS

Claimant was vice-president and in charge of sales at Grant Textiles, a family-owned business. Grant Textiles sold machinery parts and equipment to textile mills. In December 2000, after making a delivery in Greenwood, Claimant traveled in a company-owned pick-up truck to Clinton to meet his father, the CEO of Grant Textiles. He and his father planned

to meet customers who were interested in purchasing textile bobbins. Claimant intended to drop off bobbin samples, return to his office, and then go to his home in Cowpens. He was meeting his father and the customers at the Clinton House and Meeting Plantation, which was described as a corporate hunting preserve. Claimant individually owned the Clinton House. Grant Textiles had a corporate membership and often entertained clients there.

Around 5:30 p.m., Claimant neared the entrance of the Clinton House when he had to swerve onto the shoulder of Highway 56 in order to avoid hitting an object, apparently an animal, which was lying on the highway. Claimant turned into the entrance driveway of the Clinton House where he stopped his car, but left it running. He was met on the driveway by the day-to-day operator of the Clinton House, Randy Bickley. Bickley argued with Claimant for a few minutes and tried to assure Claimant he would take care of the debris in the roadway because Claimant needed to meet his father. However, Claimant insisted on helping remove the debris.

Claimant and Bickley proceeded down the highway toward the debris when a pick-up truck crossed into the left lane of traffic to pass another car and struck Claimant who was walking in the shoulder of the highway. Claimant was injured on his right side and had to have extensive surgery on his right arm.

Claimant testified he wanted to remove the debris because it was a hazard to anyone traveling on the highway, to his customers who would be arriving at Clinton House that evening, to himself, and to his father. Claimant testified that removing road debris was not part of his regular job duties, but he maintained he did not have a defined set of duties. He conceded that Grant Textiles had no obligation to remove debris from the roadway in front of the Clinton House and that his only purpose for going to the Clinton House that night was to deliver bobbin samples to a customer.

The single commissioner found the injury compensable because Claimant was injured during his regular work hours while on his way to meet customers in a company-owned truck. Further, the commissioner found that Claimant wanted to remove the debris because he was concerned with the

safety of his co-worker father, his potential customers, and the public at-large. Finally, the commissioner found Claimant's attempt to remove the debris was not a substantial deviation from his employment.

The full commission reversed and stated these findings of fact: (1) the accident did not arise out of Claimant's employment because the causative element of his accident had no connection with his employment; and (2) that Claimant's job duties were in no way related to road maintenance. In making its legal conclusion, the full commission determined Claimant's accident did not arise out of and in the course of his employment. The circuit court reversed and determined there was no dispute regarding the facts in this case and that the full commission erred in its application of the law.

The Court of Appeals disagreed and reinstated the full commission's order denying compensation. The court noted that, as the sole finder of fact, the full commission found that Claimant's injuries did not arise out of his employment with Grant Textiles because the cause of the accident had no relation to his employment duties. The court concluded that the claim is not compensable because the factual findings made by the full commission are supported by substantial evidence. Chief Judge Hearn dissented and stated that, because there were no material facts in dispute, the question of whether the accident is compensable is a question of law. Judge Hearn stated she would have found that Claimant's injury arose out of and in the course of his employment.

## ISSUE

Did the Court of Appeals err by finding Claimant's accident did not arise out of and in the course of his employment?

## DISCUSSION

 The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981). Although we may not substitute our judgment for that of the full commission as to the weight of the evidence on questions of fact, we may reverse where the decision is affected by an error of law. *Rodriguez v. Romero,*

363 S.C. 80, 610 S.E.2d 488 (2005). Review is limited to deciding whether the commission's decision is unsupported by substantial evidence or is controlled by some error of law. *Id.*

 To be compensable, an injury by accident must be one "arising out of and in the course of employment." S.C.Code Ann. § 42–1–160 (Supp.2005). The two parts of the phrase "arising out of and in the course of employment" are not synonymous. *Osteen v. Greenville County Sch. Dist.*, 333 S.C. 43, 508 S.E.2d 21 (1998). Both parts must exist simultaneously before any court will allow recovery. *Id.* "Arising out of" refers to the injury's origin and cause, whereas "in the course of" refers to the injury's time, place, and circumstances. *Id.* For an injury to "arise out of" employment, the injury must be proximately caused by the employment. *Douglas v. Spartan Mills, Startex Div.*, 245 S.C. 265, 140 S.E.2d 173 (1965). The injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Id.*

There are circumstances when injuries arising out of acts outside the scope of an employee's regular duties may be compensable. *Osteen v. Greenville County Sch. Dist., supra.* These circumstances have been applied to: (1) acts benefiting co-employees; (2) acts benefiting customers or strangers; (3) acts benefiting the claimant; and (4) acts benefiting the employer privately. *Id.* An act outside an employee's regular duties which is undertaken in good faith to advance the employer's interest, whether or not the employee's own assigned work is thereby furthered, is within the course of employment. *Howell v. Kash & Karry*, 264 S.C. 298, 214 S.E.2d 821 (1975) (grocery store employee who was injured while chasing two purse-snatchers was found to have suffered a compensable injury).

 There were no disputed material facts in this case. Where there are no disputed facts, the question of whether an accident is compensable is a question of law. *Douglas v. Spartan Mills, supra.* The full commission erred by finding that the accident did not have a causal connection with Claimant's employment. The accident would not have happened but for Claimant's business trip to the Clinton House to meet his

employer's customers. Because removing road hazards was not part of Claimant's job duties, he could have ignored the hazard in the road; however, he chose to remove the hazard to benefit himself, his co-worker father, and his customers. As found in *Howell,* Claimant's act, while outside his regular duties, was undertaken in good faith to advance his employer's interest and, therefore, was within the course of his employment. Therefore, the full commission's conclusion that the accident did not arise out of and in the course of Claimant's employment is incorrect.

■ The majority opinion of the Court of Appeals upheld the full commission solely on the basis that the factual findings made by the full commission were supported by substantial evidence. However, as noted above, the appellate court may reverse the full commission when the decision is affected by an error of law as it was here. While the appellate courts are required to be deferential to the full commission regarding questions of fact, this deference does not prevent the courts from overturning the full commission's decision when it is legally incorrect as it is here.

■ Furthermore, in this instance, we also reverse the full commission for its issuance of a conclusory order. The Administrative Procedures Act (APA) sets out the requirements for a final order in an agency adjudication of a contested case as follows:

> ... A final decision shall include findings of fact and conclusions of law, separately stated. *Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. ...*

S.C.Code Ann. § 1–23–350 (2005) (emphasis added).

In *Able Communications, Inc. v. South Carolina Pub. Serv. Comm'n,* 290 S.C. 409, 351 S.E.2d 151 (1986), we held that an order by the public service commission stating that a telephone carrier's services were "fair and reasonable," with no other findings of fact, violated § 1–23–350. We alluded to the purpose of § 1–23–350, stating, "It is impossible for an appellate court to review the order for error, since the reasons underlying the decision are left to speculation." *Id.* at 411, 351 S.E.2d at 152. We vacated the public service commis-

sion's order and remanded the matter to the public service commission for compliance with § 1–23–350.

The logic of *Able Communications* applies with equal force in the instant case. Specifically, in its reversal of the single commissioner's decision, the full commission's findings of fact stated that (1) the accident "did not arise out of [Claimant's] employment ... because the causative element of the Claimant's accident had no causal connection with his employment at Grant Textiles," and (2) "Claimant's ordinary job duties at Grant Textiles did not require him to remove debris from the roads, and the discharge of his job duties and responsibilities were in no way related to road maintenance skills." Because the full commission's order was founded on the statutory language of the Workers' Compensation Act, the APA required the full commission to clearly set forth the underlying facts upon which it relied to support its conclusion. *See* § 1–23–350. By simply repeating the statute's language, with little else, the full commission's decision failed to comply with this requirement.

Because the full commission's order did not meet the requirements of § 1–23–350 and because the full commission's order contained an error of law, the decision of the Court of Appeals is **REVERSED.**

TOAL, C.J., WALLER and BURNETT, JJ., concur. PLEICONES, J., concurring in result only.