THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jimmy Mungin,
 Jr., Claimant, Appellant,
 v.
 REA Construction
 Company, Employer, and Zurich-American Insurance Group, Carrier, Respondents.
 
 
 

Appeal From Jasper County
 Perry M. Buckner, III, Circuit Court
 Judge
Unpublished Opinion No.  2008-UP-591
Submitted October 1, 2008  Filed October
 17, 2008
AFFIRMED

 
 
 
 R. Thayer Rivers, Jr., of Ridgeland, for Appellant.
 Paul Linwood Hendrix, of Spartanburg, for Respondents.
 
 
 

PER CURIAM:  In this
 workers compensation case, Jimmy Mungin appeals the circuit courts order
 affirming the decision of the Appellate Panel of the Workers Compensation
 Commission.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.
1.  As
 to whether the Appellate Panel erred in holding Mungin was not entitled to
 disability benefits:  S.C. Code Ann. § 1-23-380(A)(5) (Supp. 2007) (providing an appellate court may not substitute its judgment for the judgment
 of the Appellate Panel as to the weight of the evidence on questions of fact
 and may reverse or modify the Appellate Panels decision only if the findings,
 inferences, conclusions, or decisions are clearly erroneous in view of the
 reliable, probative and substantial evidence on the whole record); Grant v.
 Grant Textiles, 372 S.C. 196, 201, 641 S.E.2d 869, 871 (2007) (holding an
 appellate courts review is limited to deciding whether the Appellate Panels
 decision is unsupported by substantial evidence or is controlled
 by some error of law); McCraw v. Mary Black Hosp., 350 S.C. 229, 235,
 565 S.E.2d 286, 289 (2002) (Substantial evidence is not a mere
 scintilla of evidence, but evidence which, considering the record as a whole,
 would allow reasonable minds to reach the conclusion the agency reached.); Sharpe
 v. Case Produce, Inc., 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999)
 (holding the Appellate Panels decision must be affirmed if supported by
 substantial evidence in the record and the possibility of drawing two
 inconsistent conclusions from the evidence does not prevent an administrative
 agencys findings from being supported by substantial evidence).
2.  As
 to whether the Appellate Panel erred in awarding permanent partial disability
 benefits based on a five percent impairment rating: Grant v. Grant Textiles,
 372 S.C. 196, 201, 641 S.E.2d 869, 871 (2007) (holding an appellate courts
 review is limited to deciding whether the Appellate Panels decision is
 unsupported by substantial evidence or is controlled by some error of law).
3.  As
 to whether the Appellate Panel erred in denying Mungins request for
 reimbursement of unauthorized medical costs: S.C. Code Ann. § 42-15-60 (Supp.
 2007) (establishing the rights of the employer and the employee with regard to
 payment for medical treatment, and ultimately affording much discretion to the Appellate
 Panel); Turner v. S.C. Dept. of Health and Envtl. Control, 377 S.C. 540,
 546, 661 S.E.2d 118, 121 (Ct. App. 2008) (holding § 42-15-60 does not give
 claimants a unilateral right to select their treating physician).
AFFIRMED.    

HEARN,
 C.J., and HUFF and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.