THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Ex Parte:
 Amerisure Mutual Insurance Company, Carrier, Appellant,
 
 
 
 
 

and

 
 
 
 
 The S.C.
 Uninsured Employer's Fund, Respondent.
 
 
 
 In Re:
 
 Salome
 Diaz-Cortez, Claimant, 
 
 
 
 

v.

 
 
 
 Dooley &
 Mack Construction Company, Employer, Appellant.
 
 
 
 

Appeal From Pickens County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2011-UP-093
 Submitted January 4, 2011  Filed March
10, 2011

AFFIRMED

 
 
 
 Ryan S. Montgomery, of Greenville, for Appellant.
 Robert Merrell Cook, II, of Batesburg-Leesville, for Respondent.
 
 
 

PER CURIAM:  Amerisure Mutual Insurance and its insured, Dooley &
 Mack Construction Company (collectively Appellants), appeal the circuit court's
 ruling that liability for a Dooley & Mack statutory employee's injuries
 could not be transferred to the South Carolina Uninsured Employer's Fund (the
 Fund).  We affirm.[1]
FACTS
Dooley & Mack was serving
 as general contractor at a job site in The Cliffs at Keowee, an upscale
 residential community in Greenville County, South Carolina.  Dooley & Mack
 hired Smeller Construction to perform work at the job site, and Smeller in turn
 hired Huberto Escoto to perform framing work.  One of Escoto's employees,
 Salome Diaz-Cortez, was seriously injured on the job when he fell from a ladder. 
 Escoto did not have workers' compensation insurance, so Diaz-Cortez's workers'
 compensation claim moved upstream to Smeller.  At the time of the contract
 between Dooley & Mack and Smeller, Smeller provided a certificate of
 insurance upon Dooley & Mack's request.  The certificate was sent via
 facsimile to Dooley & Mack's Florida office and listed Dooley & Mack
 with its Florida address as the certificate holder.  The certificate was sent
 from the listed producer, Spivey Insurance Agency in Austin, Texas.  The listed
 insured was Steve Smeller based out of Kemp, Texas, and the "description
 of the operation" was listed as "the Cliffs."  The certificate
 was unsigned.  
Smeller
 did not in fact have a valid workers' compensation policy in South Carolina and
 so liability for Cortez-Diaz's claim moved upstream yet again to Dooley &
 Mack.  After several hearings, it was determined that Cortez-Diaz's claim was
 compensable and that Dooley & Mack was the responsible party as the
 statutory employer.  Appellants then sought reimbursement from the Fund, and
 the single commissioner denied the request because Amerisure did not "pay
 in the first instance" as required by section 42-1-415 of the South
 Carolina Code (Supp. 2010) and because Smeller's certificate of insurance failed
 to demonstrate coverage in South Carolina.[2]  
An Appellate Panel of the
 South Carolina Workers' Compensation Commission (Appellate Panel), however,
 reversed the single commissioner finding Dooley & Mack had presented an
 acceptable certificate of insurance and that the lack of signature did not
 render the certificate insufficient pursuant to Barton v. Higgs, 372
 S.C. 109, 641 S.E.2d 39 (Ct. App. 2007).[3] 
 Additionally, the Appellate Panel found that although Amerisure "did not
 initially pay this claim in the first instance" as required by section
 42-1-415, the transfer of liability to the Fund was proper.[4]  
The Fund appealed the
 Appellate Panel's order to the circuit court.  The circuit court reversed the
 findings of the Appellate Panel relying largely on Hopper v. Terry Hunt
 Construction, 373 S.C. 475, 646 S.E.2d 162 (Ct. App. 2007) aff'd,
 383 S.C. 310, 680 S.E.2d 1 (2009),[5] an opinion released during the pendency of the appeal from the Appellate
 Panel's order.  The circuit court concluded Smeller's certificate of insurance
 was "facially insufficient" to indicate coverage in South Carolina
 and further held Amerisure failed to pay in the first instance under section
 42-1-415 thereby barring the transfer of liability to the Fund.  The circuit
 court did not render its findings based on the lack of signature on the
 certificate of insurance, but noted the South Carolina Supreme Court had
 granted a writ of certiorari to review Barton.  This appeal followed.  
STANDARD OF REVIEW
The South
 Carolina Administrative Procedures Act (APA) governs judicial review of a
 decision of the South Carolina Workers' Compensation Commission.  Lark v.
 Bi-Lo, Inc., 276 S.C. 130, 134, 276 S.E.2d 304, 306 (1981); Bass v.
 Isochem, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005).  Pursuant
 to the APA, an appellate court's review is limited to deciding whether the full commission's decision is unsupported by substantial
 evidence or is controlled by some error of law.  Grant v. Grant Textiles,
 372 S.C. 196, 200-01, 641 S.E.2d 869, 871 (2007).
LAW/ANALYSIS
The Fund maintains the
 circuit court's decision should be affirmed on the additional sustaining ground
 that Smeller's certificate of insurance was unsigned.  We agree.
In finding the certificate of
 insurance in this case met the requirements of section 42-1-415 of the South
 Carolina Code (Supp. 2010), the Appellate Panel relied in part on Barton v.
 Higgs, which held that documentation of workers' compensation coverage
 could be sufficient even without a signature provided the documentation was on
 a "standard form acceptable to the commission."  387 S.C. 109, 117,
 641 S.E.2d 39, 44.  However, that ruling was reversed by the South Carolina
 Supreme Court.   See Barton v. Higgs, 381 S.C. 367, 371, 674
 S.E.2d 145, 147 (2009) ("[B]y failing to collect
 a signed Certificate of Insurance form, [the contractor] failed to meet the
 requirement as set forth in the regulation [67-415].").[6]  
 In this case, the certificate of insurance presented by Smeller was unsigned. 
 Therefore, it was insufficient to transfer liability to the Fund under section
 42-1-415, and we affirm the circuit court's ruling on that basis. See I'On L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406,
 420, 526 S.E.2d 716, 723 (2000) (holding the appellate court may consider
 additional sustaining grounds raised by the respondent "and, if convinced
 it is proper and fair to do so, rely on them or any other reason appearing in
 the record to affirm the lower court's judgment"); see also Rule
 220(c), SCACR ("The appellate court may affirm any ruling, order, decision
 or judgment upon any ground(s) appearing in the Record on Appeal.").  
Accordingly, we need not
 address the issues raised by Appellants regarding whether the certificate of
 insurance indicated Smeller had coverage in South Carolina or whether
 Appellants failed to pay in the first instance.  See Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591,
 598 (1999) (holding an appellate court need not address remaining issues when
 the determination of another issue is dispositive of the appeal).  
AFFIRMED.
HUFF, LOCKEMY, JJ., and
 GOOLSBY, A.J., concur. 

[1] We decide
 this case without oral argument pursuant to Rule 215, SCACR.
[2]  Section 42-1-415(A) of the South Carolina Code
 (Supp. 2010) provides:  "In the event that
 employer is uninsured, regardless of the number of employees that employer has,
 the higher tier subcontractor, contractor, project owner, or his insurance
 carrier shall in the first instance pay all benefits due under this
 title."
[3] In Barton,
 the court determined the lack of a signature did not necessarily preclude a
 certificate of insurance from being sufficient to transfer liability to the
 Fund.  Id. at 117, 641 S.E.2d at 44.
[4] The Appellate
 Panel's decision was a split decision with Commissioner David W. Huffstetler
 dissenting.
[5] In Hopper,
 373 S.C. at 483 n.1, 646 S.E.2d at 166 n.1, the court determined that a
 contractor could not "turn a blind eye" to a subcontractor's
 "obvious lack of coverage" in South Carolina and expect to transfer
 liability to the Fund under section 42-1-415.
[6]  Regulation
 67-415 of the South Carolina Code (Supp. 2007) stated: "For
 purposes of Section 42-1-415, the ACORD Form 25-S, Certificate of Insurance, as
 published by the ACORD Corporation and as issued by the insurance carrier for
 the insured, shall serve as documentation of insurance.  The Certificate of
 Insurance must be dated, signed, and issued by an authorized representative of
 the insurance carrier for the insured."