THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sandra
 Zimmerman, Appellant,
 
 
 

v.

 
 
 
 Danny K. Sweigert,
 Steven Brandon Wood, and MyrBeach Mortgage, LLC d/b/a Days Inn at Waccamaw, Defendants,
 Of Whom
 MyrBeach Mortgage, LLC d/b/a Days Inn at Waccamaw is, Respondent.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No.  2011-UP-345  
 Submitted April 1, 2011  Filed June 29,
2011

AFFIRMED

 
 
 
 Mark D. Chappell and W. Hugh McAgnus, Jr.,
 both of Columbia, for Appellant.
 Jackson H. Daniel, III, and R. Michael
 Ethridge, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  Sandra
 Zimmerman appeals the trial court's order granting summary judgment in favor of
 MyrBeach Mortgage, LLC, D/B/A Days Inn at Waccamaw, (MyrBeach) on Zimmerman's
 negligence claim in which the court found MyrBeach was not vicariously liable
 for the acts of Danny Sweigert.  We affirm.[1]  
FACTS/PROCEDURAL HISTORY
On June 11, 2006, Zimmerman
 was injured in an automobile accident.  The car in which Zimmerman was the
 passenger was driven by Sweigert.  At the time of the accident, Sweigert was
 serving as the manager of the Days Inn while trying to find a purchaser for the
 hotel.  Myrbeach's predecessor had hired Sweigert in 2003 to oversee the
 renovation and reconstruction of the Days Inn, reopen the hotel, and ultimately
 sell the facility.  Sweigert lived in the hotel and was on-call every day. 
 However, he did take time off.  Zimmerman was also living at the hotel at the
 time of the accident.  
The accident occurred on a
 Sunday afternoon.  Sweigert stated he was taking the day off and was sitting by
 the pool doing a crossword puzzle when Zimmerman and another extended stay
 guest asked him to drive them to K-Mart.  The accident happened on the way to
 the store.  
Zimmerman brought this action
 against Sweigert, the other driver involved in the accident, and MyrBeach.  She
 asserted MyrBeach was liable under the doctrines of respondeat superior,
 principal/agent, and master/servant.  MyrBeach moved for summary judgment,
 asserting Sweigert was not acting within the scope of his employment at the
 time of the accident, and he was an independent contractor rather than employee
 of MyrBeach.  The trial court granted the motion, finding "there is
 absolutely no evidence that Sweigert was acting within the scope of employment
 or doing any activity related to the business of MyrBeach at the time of the
 accident."  This appeal followed.  
STANDARD OF REVIEW
In reviewing the grant of
 summary judgment, the appellate court applies the same standard that governs
 the trial court under Rule 56(c), SCRCP.  Nexsen v. Haddock, 353 S.C.
 74, 77, 576 S.E.2d 183, 185 (Ct. App. 2002).  Summary judgment should be
 granted when "the pleadings, depositions, answers to interrogatories, and
 admissions on file, together with the affidavits, if any, show that there is no
 genuine issue as to any material fact and that the moving party is entitled to
 a judgment as a matter of law."  Rule 56(c), SCRCP.  "In determining
 whether any triable issues of fact exist, the court must view the evidence and
 all reasonable inferences that may be drawn from the evidence in the light most
 favorable to the non-moving party."  Brockbank v. Best Capital Corp.,
 341 S.C. 372, 378-79, 534 S.E.2d 688, 692 (2000).  "[I]n cases applying
 the preponderance of the evidence burden of proof, the non-moving party is only
 required to submit a mere scintilla of evidence in order to withstand a motion
 for summary judgment."  Hancock v. Mid-South Mgmt. Co., 381 S.C.
 326, 330, 673 S.E.2d 801, 803 (2009).  
LAW/ANALYSIS
Zimmerman argues the trial
 court erred in granting summary judgment because there was a genuine issue of
 material fact whether Sweigert was acting within the course and scope of his
 employment when the accident occurred.  

 The
 doctrine of respondeat superior rests upon the relation of master and servant.  A
 plaintiff seeking recovery from the master for injuries must establish that the
 relationship existed at the time of the injuries, and also that the servant was
 then about his master's business and acting within the scope of his employment.
  An act is within the scope of a servant's employment where reasonably
 necessary to accomplish the purpose of his employment and in furtherance of the
 master's business.  These general principles govern in determining whether an
 employer is liable for the acts of his servant.  
 The act
 of a servant done to effect some independent purpose of his own and not with
 reference to the service in which he is employed, or while he is acting as his
 own master for the time being, is not within the scope of his employment so as
 to render the master liable therefor.  Under these circumstances the servant
 alone is liable for the injuries inflicted.  If a servant steps aside from the
 master's business for some purpose wholly disconnected with his employment, the
 relation of master and servant is temporarily suspended; this is so no matter
 how short the time, and the master is not liable for his acts during such time. 

Armstrong v. Food Lion,
 Inc., 371 S.C. 271, 276, 639 S.E.2d
 50, 52-53 (2006) (citations omitted).
Zimmerman relies on Grant
 v. Grant Textiles, 372 S.C. 196, 641 S.E.2d 869 (2007), a workers'
 compensation case in which the supreme court held under certain circumstances, injuries
 arising from acts outside the scope of an employee's regular duties may be
 compensable.  These circumstances are: 

 (1) acts benefiting co-employees; (2) acts benefiting
 customers or strangers; (3) acts benefiting the claimant; and (4) acts
 benefiting the employer privately.  An act outside an employee's regular duties
 which is undertaken in good faith to advance the employer's interest, whether
 or not the employee's own assigned work is thereby furthered, is within the
 course of employment.

Id. at 201, 641 S.E.2d at 871-72 (citations omitted).
Zimmerman contends a genuine
 issue of fact exists because Sweigert did extra services for extended stay
 guests.  Sweigert testified that about once a week he would put together a
 barbeque in the courtyard for the extended stay guests.  He also held a Super
 Bowl party for the extended stay guests.  However, there is no testimony he
 provided transportation for those guests other than Zimmerman and the other
 passenger.  Nor is there any evidence he was going to the store in preparation
 for one of those events.  
Sweigert maintained that at
 the time of the accident, he was not working and was on personal time.  He
 stated he was driving his personal car and doing a favor for a friend.  
Zimmerman testified she and
 Sweigert were "boyfriend and girlfriend" and were dating off and on. 
 She stated they went places together, including dinner dates.  She claimed
 Sweigert let her stay at the hotel without paying for at least part of the time
 she was there due to their relationship.  She could not remember any other
 payment arrangements.  When asked if he had a romantic relationship with
 Zimmerman, Sweigert, who was married, admitted they were friends and that he
 was "very fond" of her.  
Even if the workers'
 compensation case Grant is applicable, we find no evidence Sweigert's
 driving Zimmerman to the store was undertaken in good faith to advance his
 employer's interest.  The evidence only demonstrates Sweigert was doing a
 personal favor for a friend.  Accordingly, we hold the trial court correctly
 ruled there was no evidence Sweigert was acting within the scope of his
 employment at the time of the accident.  Therefore, the order of the trial
 court granting summary judgment in favor of MyrBeach is
AFFIRMED.  
HUFF, SHORT, and PIEPER,
 JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.