Justice Scalia,
with whom Justice Alito joins,
concur­ring in part and concurring in the judgment.
I join the Court’s judgment that the Ninth Circuit prop­erly remanded this case to the Benefits Review Board, and *223 I agree with almost all of the Court’s opinion. My disagree­ment is limited to the last two substantive paragraphs of Part IV, which endorse the Ninth Circuit’s “substantial-­nexus” test for determining the scope of coverage under 43 Ü. S. C. § 1333(b). The Court indulges in considerable un­derstatement when it acknowledges that this test “may not be the easiest to administer,” ante, at 222. “Substantial nexus” is novel legalese with no established meaning in the present context. I agree with the Court’s rejection of some of the clearer rules proposed by the parties — which, though easier to apply, are unmoored from the text of § 1333(b). But if we must adopt an indeterminate standard (and the statute’s “as the result of” language leaves us no choice) I prefer the devil we know to the devil of the Ninth Circuit’s imagining. I would hold that an employee may recover under § 1333(b) if his injury was proximately caused by op­erations on the Outer Continental Shelf (OCS).
The term “proximate cause” is “shorthand for a concept: Injuries have countless causes, and not all should give rise to legal liability.” CSX Transp., Inc. v. McBride, 564 U. S. 685, 692 (2011). Life is too short to pursue every event to its most remote, “but-for,” consequences, and the doctrine of proximate cause provides a rough guide for courts in cut­ting off otherwise endless chains of cause and effect. See Holmes v. Securities Investor Protection Corporation, 503 U. S. 258, 287 (1992) (Scalia, J., concurring in judgment). Thus, as the Court notes in rejecting the Third Circuit’s “but for” test for § 1333(b) coverage, we have interpreted statutes with language similar to § 1333(b) as prescribing a proximate-cause standard. See ante, at 221-222.
Although the doctrine of proximate cause is rooted in tort law and most commonly applied in negligence actions, it can also provide a useful guide in no-fault compensation schemes like this one. In Brown v. Gardner, 513 U. S. 115,119 (1994), we considered a no-fault veterans’ compensation statute cov­ering injuries that occurred “as the result of” medical treat­ *224 ment (precisely the language at issue here); we suggested that the requisite “causal connection” between the injury and medical treatment may be “limited to proximate causation so as to narrow the class of compensable cases ... by elimi­nating remote consequences.” Similarly, some state work­ers’ compensation laws use the concept of proximate cause to determine entitlement. See, e. g., Ex parte Patton, 77 So. 3d 591, 595 (Ala. 2011); Marandino v. Prometheus Phar­macy, 294 Conn. 564, 591, 986 A. 2d 1023, 1041 (2010); Grant v. Grant Textiles, 372 S. C. 196, 201, 641 S. E. 2d 869, 871 (2007). Indeed, the statutory law of California, where Mr. Valladolid died while at work, limits workers’ compensa­tion liability to cases “[w]here the injury is proximately caused by the employment, either with or without negli­gence.” Cal. Lab. Code Ann. § 3600(a)(3) (West 2011).* I see no reason why the scope of 43 U. S. C. § 1333(b) could not similarly be cabined by the familiar limits of proximate causation.
To be sure, proximate cause is an imperfect legal doctrine; I have no illusions that its tenets are easy to describe or straightforward to apply. Judicial opinions do not provide a uniform formulation of the test, and borderline cases are rarely clear. But “it is often easier to disparage the product of centuries of common law than to devise a plausible substi­tute.” McBride, 564 U. S., at 707 (Roberts, C. J., dissent­ing). Unlike the substantial-nexus test, proximate cause provides a “vocabulary” for answering questions like the one *225 raised by the facts of this case. It may be productive, for example, to consider whether the injury was “within the scope of the risk” created by OCS operations, or whether some “superseding or intervening cause” exists. Id., at 719. In addition to that vocabulary, precedents on proximate cause “furnish illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other.” Exxon Co., U. S. A. v. So fee, Inc., 517 U. S. 830, 839 (1996) (internal quotation marks omitted).
“Substantial nexus,” by contrast, is an indeterminate phrase that lacks all pedigree. Our case law has used it as a term of art in only one context, first appearing in Justice Blaekmun’s opinion for the Court in Complete Auto Transit, Inc. v. Brady, 430 U. S. 274, 279 (1977): We sustain state taxes against Commerce Clause challenges if they are, inter alia, “applied to an activity with a substantial nexus with the taxing State.” Oklahoma Tax Comm’n v. Jefferson Lines, Inc., 514 U. S. 175, 183 (1995) (emphasis added; inter­nal quotation marks omitted). “[Sjuch a nexus is estab­lished when the taxpayer ‘avails itself of the substantial privilege of carrying on business’ in that jurisdiction.” Polar Tankers, Inc. v. City of Valdez, 557 U. S. 1, 11 (2009). That clarification — and any further clarification in the Com­merce Clause context — will not be remotely helpful to lower courts attempting to apply the substantial-nexus test in the very different legal context of workers’ compensation under § 1333(b). In this latter context, I assume the Court means by “substantial nexus” a substantial causal nexus— since § 1333(b)’s “as the result of” language “plainly suggests causation,” ante, at 221. Like the word “nexus” itself, the definition of “substantial nexus” in our state-tax cases does not require any causal relationship whatsoever. The proximate-cause test, by comparison, represents a much more natural interpretation of a statute that turns on causation.
*226 Does the Court mean to establish, by the novel “substan­tial [causal] nexus” test, a new tertium quid of causality— somewhere between but-for causality and proximate cause? One might think so, since there is no other sensible reason to (1) reject but-for cause, (2) say nothing about the natural alternative (proximate cause), and (3) embrace the “substan­tial [causal] nexus” novelty. On the other hand, the Court’s opinion suggests at least some connection (that is to say, in the Court’s favored lawspeak, some “nexus”) between the proximate-cause standard and the substantial-nexus test, since it cites one of our proximate-cause cases just before concluding that “[accordingly, . . . the Ninth Circuit’s 'substantial-nexus’ test is more faithful to the text of § 1333(b)” than the Third Circuit’s but-for test. Ante, at 222. In the opinion below, moreover, the Ninth Circuit purported to endorse the Fifth Circuit’s pre-1989 case law, which re­quired “ ‘that the claimant show a nexus . . . similar to the proximate cause test in tort law.’” 604 F. 3d 1126, 1140 (CA9 2010) (quoting Mills v. Director, Office of Workers’ Compensation Programs, 846 F. 2d 1013, 1015 (CA5 1988), rev’d en banc, 877 F. 2d 356 (1989)). Who knows whether this is a tertium quid or not? The Court has given us a new test whose contours are entirely undescribed, and which has nothing to be said for it except that it will add complexity to the law and litigation to the courts.
Finally, I must note an additional uncertainty (or else a peculiarity) that the Court’s opinion creates: The statutory text at issue requires compensation for “disability or death of an employee resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf . . . .” § 1333(b) (emphasis added). Before today, I would have thought it clear that courts must apply proximate-cause analysis to the “resulting from” provision; but that would seem quite peculiar if (as the Court holds today) we apply substantial-nexus analysis to the neighbor­ing “occurring as the result of” provision. Surely both *227 phrases express the same concept. What a tangled web we weave.
I would affirm the Ninth Circuit’s judgment to remand the case to the Benefits Review Board, but with instructions to apply a proximate-cause test.

 Strange to say, the California Supreme Court has held that this unmis­takable term-of-art reference to a rule found in the common law of torts does not establish a rule “identical to that found in the common law of torts,” but merely “elaborat[es] the general requirement that the injury arise out of the employment.” LaTourette v. Workers’ Compensation App. Bd., 17 Cal. 4th 644, 651, n. 1; 951 P. 2d 1184,1187, n. 1 (1998) (internal quotation marks omitted). Perhaps (who knows?) later California Su­preme Court cases will “clarify” this general requirement by saying that it requires a “substantial nexus” between the employment and the injury.